

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 2 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROSS THOMAS BRANTLEY III,      §
                               §
            Petitioner,        §
                               §
v.                             §      No. 4:13-CV-883-A
                               §
WILLIAM STEPHENS, Director,    §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
            Respondent.        §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Ross Thomas Brantley III, a
state prisoner confined in the Texas Department of Criminal
Justice, Correctional Institutions Division (TDCJ), against
William Stephens, Director of TDCJ, respondent.  After having
considered the pleadings, state court records, and relief sought
by petitioner, the court has concluded that the petition should
be denied.

### I.  Procedural History

In November 2007 petitioner was charged by indictment with
assault causing bodily injury, with a prior offense, to a family
member, Tiundra Tate, in the 372nd District Court of Tarrant

County, Texas, in Case No. 1091400D.   Clerk's R. 2; ECF No. 17-
5.   On April 21, 2008, pursuant to a plea bargain agreement,
petitioner pleaded guilty to the offense as alleged in the
indictment, and the trial court placed him on five years'
deferred adjudication community supervision, ordered him to pay a
fine and costs, and entered conditions of his community
supervision.  *Id.* 8-20.   On August 26, 2011, the state filed a
petition to proceed to adjudication of guilt, containing six
paragraphs alleging various violations of petitioner's community
supervision.  *Id.* 21-24.   The state ultimately waived paragraphs
3(b), in part, and 6.   The remaining paragraphs alleged that, in
violation of the conditions of petitioner's community
supervision, he committed two new criminal offenses – assaulting
Kardelia Brantley, his wife at the time, and violating a
protective order (paragraphs 1 and 2); he failed to report in
person to the Dallas County Community Supervision and Corrections
Department in January, February, March, April and July of 2009
and by mail to the Tarrant County Community Supervision and
Corrections Department in June, July, August, November and
December of 2009, January, February, March, April, May, June,
July and October of 2010, and in January of 2011; failed to
report to the Tarrant County Community Supervision and

2

Corrections Department as scheduled by his supervision officer in July 2011 (paragraphs 3(a) & (b), in part, and 4); and was unsuccessfully discharged from the Batterer's Intervention and Prevention Program (paragraph 5). *Id.* 22-23. Petitioner pleaded "not true" to all the allegations. Reporter's R., vol. 2, 10-16, ECF No. 17-9.

At the revocation hearing, Kardelia Brantley testified that petitioner, a professional boxer, assaulted her on May 12, 2011, and violated a protective order by calling, texting and emailing her and going to her house on two occasions. Reporter's R. 18-49, ECF No. 17-9. Petitioner's Tarrant County probation officer, Britannia Broostrom, testified regarding his failure to report to Tarrant County and to complete the batterer's intervention program. *Id.* 59-68. Petitioner testified on his own behalf that he had enrolled in the batterer's intervention plan, reported in person to his Dallas County probation officer, finished barber school, and had been continuously incarcerated from July 24, 2011, in Tarrant or Dallas County. *Id.* 68-119. At the conclusion of the hearing, the trial court found paragraphs 1, 2, and 3(a) and (b), in part, true and paragraphs 4 and 5 not true. *Id.* 122-23. At the sentencing phase, Kardelia Brantley testified to several other incidents involving petitioner. *Id.* 124-30. At

3

the conclusion of the sentencing phase, the trial court
adjudicated petitioner's guilt on the underlying offense and
assessed his punishment at 10 years' confinement.  *Id.* 138.
Petitioner appealed the trial court's judgment adjudicating his
guilt, but the Second District Court of Appeals of Texas affirmed
the trial court's judgment.  Mem. Op., ECF No. 17-4.  Petitioner
did not file a petition for discretionary review in the Texas
Court of Criminal.  Pet. 3, ECF No. 1.  Petitioner filed three
relevant post-adjudication state habeas applications.  The first
two were dismissed because his appeal was still pending.  SH1 &
SH2, ECF Nos. 18-1 and 18-2.  The third application was denied
without written order on the findings of the trial court.  SH4
cover, ECF No. 18-4.  This federal petition for habeas relief
followed.

## II.  Issues

Petitioner raises four grounds for relief, wherein he claims
(1) the state failed to prove by a preponderance of the evidence
that he violated the conditions of his community supervision, (2)
the maximum 10-year sentence is cruel and unusual under the
Eighth Amendment,[1] (3) his right to due process was violated

---

[1]To the extent petitioner also claims his sentence violates
Article I, § 3 of the Texas Constitution, the claim is not

4

because his Dallas County probation officer was not subpoenaed to testify that petitioner always reported in person, and (4) his right to due process was violated because his Dallas County criminal case, which was pending on appeal at the time, was considered by the trial judge in the adjudication proceedings. Pet. 6-7, ECF No.

### III.   Rule 5 Statement

Respondent believes that petitioner has exhausted his state court remedies only with regard to his cruel-and-unusual claim under ground (2) and that grounds (1), (3) and (4) are unexhausted and/or procedurally barred.  Resp't's Answer 4, ECF No. 19.  Respondent does not believe the petition is untimely or subject to the successive-petition bar.  *Id.*

### IV.   Discussion

A.  *Exhaustion and Procedural Default*

As a preliminary matter, the court addresses respondent's claim that petitioner's grounds (1),(3) and (4) are unexhausted and/or procedurally barred from federal review.  Applicants seeking habeas corpus relief under § 2254 are required to exhaust

---

cognizable on federal habeas review, which is limited to review of violations of "the Constitution or law or treaties of the United States."  28 U.S.C. 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement has both a legal component and a factual component. *Scott v. Hubert,* 635 F.3d 659, 667 (5th Cir. 2011).  The legal component requires a petitioner to present his claims to the state court within a "federal constitutional framework."  *Id*. That is to say, the claim must either be framed "'in terms so particular as to call to mind a specific right protected by the Constitution[,] or allege[ ] a pattern of facts that is well within the mainstream of constitutional litigation.'"  *Id*.  The factual component dictates that a petitioner must have presented the state court with material evidentiary support for his constitutional claim.  *Id*.  The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition."  *Anderson v. Johnson*, 338 F.3d 381, 386 (5th Cir. 2003).

6

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may typically satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas postconviction proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Respondent correctly notes that petitioner did not raise grounds (3) and (4) in the Texas Court of Criminal Appeals by way of a petition for discretionary review or his state habeas application. Thus, the claims raised for the first time in his federal petition are unexhausted for purposes § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's grounds (3) and (4), are

7

unexhausted and procedurally barred from this court's review.
*See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

Similarly, respondent asserts petitioner's ground (1)
regarding the sufficiency of the evidence is procedurally barred.
Resp't's Answer 10-12, ECF No. 19.  Under Texas law, a
sufficiency-of-the-evidence claim may only be raised on direct
appeal and may not be raised in a state habeas proceeding.  *West
v. Johnson,* 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v.
Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby,* 137
S.W.3d 673, 674 (Tex. Crim. App. 2004).  The Texas Court of
Criminal Appeals has confirmed that when a state habeas applicant
challenges the sufficiency of the evidence in a state habeas
application, and it subsequently disposes of the application by
entering a denial without written order, the applicant's
sufficiency claim was denied because the claim is not cognizable.
*Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  In
these circumstances, reliance on the procedural default by the
state court is established and presents an adequate state
procedural ground barring federal habeas review.  *Ylst v.
Nunnemaker,* 501 U.S. 797, 801-07 (1991).

Respondent argues that, although petitioner raised his
sufficiency-of-the-evidence claim on direct appeal, he did not

8

file a petition for discretionary review in the Texas Court of
Criminal Appeals raising the issue and that, in denying the claim
without written order on postconviction habeas review, the Texas
Court of Criminal Appeals necessarily applied the bar to the
claim.  Resp't's Answer 12, ECF No. 19.  The record supports
respondent's assertions.  As petitioner raised his sufficiency
claim in the state's highest court only in his state habeas
application, the Texas Court of Criminal Appeals's denial of the
application was based on an independent and adequate state
procedural ground such that his sufficiency claim is procedurally
defaulted.  *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004);
*Ex parte Grigsby,* 137 S.W.3d at 674.  Therefore, absent a showing
of cause and prejudice or a miscarriage of justice, such showing
not having been demonstrated by petitioner, the claim is
procedurally barred from this court's review.  Because claims
(1), (3) and (4) are unexhausted and/or procedurally barred, the
following discussion applies only to petitioner's second claim.

B.  *Legal Standard for Granting Habeas Corpus Relief*

     Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf
of a person in custody pursuant to the judgment of a state court
shall not be granted with respect to any claim that was
adjudicated on the merits in state court proceedings unless he

shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28

U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

3.  *Cruel and Unusual Punishment*

Petitioner asserts that the maximum 10-year sentence constitutes cruel and unusual punishment because the state failed to prove he assaulted Kardelia or violated the protective order, the reporting requirements were confusing, he reported in person to Dallas County, and he "finished all that was ask[ed] of" him. Pet'r's Resp. 2, ECF No. 26.  He also asserts that the trial court was aware he has "special needs" and takes medications. Pet'r's Resp. 4, ECF No.

The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed.  *Solem v. Helm,* 463 U.S. 277, 288 (1983).  When evaluating an Eighth Amendment proportionality challenge, the court makes a threshold comparison between the gravity of the charged offense and the severity of the sentence.  *McGruder v. Puckett,* 954 F.2d 313, 315-16 (5th Cir. 1992).  In non-capital cases, successful challenges to the proportionality of particular

11

sentences are "exceedingly rare." *Rummel v. Estelle,* 445 U.S. 263, 272 (1980). In general, a sentence assessed within statutory limits is not excessive, cruel, or unusual, "unless it is so disproportionate to the offense as to be completely arbitrary and shocking." *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975).

Petitioner raised his Eighth Amendment claim in his state habeas application, and the habeas court entered the following findings on the issue:

6.  Applicant's ten year sentence falls within the range of punishment for a third degree felony.

7.  Applicant does not allege how his sentence was cruel and unusual.

8.  Applicant does not allege how his sentence is grossly disproportionate.

9.  Applicant does not allege what sentences other persons in his situation have received.

10. This Court sentenced Applicant to ten years, in part, for the following reasons:

    a.  This is Applicant's third or fourth offense;
    b.  Applicant punched a woman in the face;
    c.  Applicant disobeyed the Court's orders;
    d.  Applicant showed a total disregard for orders; and
    e.  Applicant is a risk to himself and others.

SH4 26, ECF No. 18-4.

Based on those findings, the state court entered the following legal conclusions:

3.   Texas courts have repeatedly held that punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual.

4.   Applicant's ten year sentence falls within the range of punishment for a third degree felony.

5.   Applicant has failed to prove that his sentence was excessive.

6.   The following factors are considered whether a sentence is disproportionate: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; (3) the sentences imposed for commission of the same crime in other jurisdictions.

7.   The court must conclude that the sentence is grossly disproportionate to the offense before considering the two remaining factors.

8.   Applicant has failed to prove that his sentence was grossly disproportionate to the offense.

9.   Applicant has failed to prove that his sentence is disproportionate.

SH4 29-30, ECF NO. 18-4.

The state court's disposition of the issue is consistent with Supreme Court precedent.  *See Harmelin v. Michigan,* 501 U.S. 957, 1006-07 (1991) (Kennedy, J., concurring).  Although petitioner's 10-year sentence is the maximum allowed by statute for a third-degree felony, given the reasons cited by the state

13

habeas court, it is not grossly disproportionate to the severity

of the offense committed as to constitute cruel and unusual

punishment

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

denied as to ground two and dismissed with prejudice as

unexhausted and/or procedurally barred as to grounds one, three,

and four.

For the reasons discussed herein, it is further ORDERED that

a certificate of appealability be, and is hereby, denied.

SIGNED October 2, 2014.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

14